FILED

2005 Aug-03 AM 07:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| FRANCES JEANNETTE WATKINS, on behalf of the estate of Russell Coleman Battiste, | * * * * |
| *Plaintiff(s)* | * * |
| v. | *  Case No: CV 04-CO-3523-W |
| | * |
| CITY OF MOBILE, a municipal corporation in the State of Alabama; et al, | * * * |
| | * |
| *Defendant(s)* | * |

## DEFENDANT NAPHCARE, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to the Federal Rules of Civil Procedure, defendant Naphcare, Inc., hereby serves the following responses and objections to plaintiff's first set of requests for production:

## REQUEST FOR PRODUCTION #1:

Produce the complete medical file of Russell Coleman Battiste. If there are documents that are not in the file that you believe should be, please so state.

## RESPONSE:

Pursuant to the agreement reached at the parties scheduling conference, defendant has identified, located, obtained and copied on to CD all medical records currently in its possession. The undersigned provided said documents via CD to plaintiff's counsel on June 15, 2005.

## REQUEST FOR PRODUCTION #2:

Produce all written policies, procedures, protocols, employee handbooks, guidelines, disciplinary procedures, training materials or any other written electronic materials that outline, describe, or otherwise memorialize your policies and procedures for the treatments of HIV, AIDS and infectious diseases.

## RESPONSE:

Please see documents identified by Bates Stamps Naphcare 00001 through 00013; Naphcare 00095 through 00262.

## REQUEST FOR PRODUCTION #3:

Produce all documents that you contend support each of the affirmative defenses that you raise in your answer.

## RESPONSE:

Defendant objects to this request on the grounds that it seeks information and documents that are protected by the attorney client privilege and/or work product doctrine, the request is also objectionable in that it seeks information which is unlikely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION #4:

Produce the personnel file of all Naphcare employees or independent contractors who provided healthcare of any kind and in any manner to Russell Coleman Battiste.

## RESPONSE:

Please see documents identified by Bates Stamps Naphcare 00263 through 00612. If there are additional Naphcare employees or independent contractors which plaintiff contends

2

provided healthcare to Mr. Battiste, please make a request for those personnel files and defendant will supplement its response in accordance with Federal Rules of Civil Procedure to the extent those documents exist.

## REQUEST FOR PRODUCTION #5:

Produce all written policies, procedures, protocols, handbooks, guidelines, training materials or any other written or electronic materials that outline, describe, or otherwise memorialize the policies and procedures for the utilization of inmates to assist or care for patient inmates at Limestone prison.

## RESPONSE:

Please see documents identified by Bates Stamps Naphcare 00021 through 00028.

## REQUEST FOR PRODUCTION #6:

Identify all of the individuals who assisted in searching, identifying, collecting, copying and producing documents responsive to these requests for production and provide a brief description of their job prison.

## RESPONSE:

Christ Cox, paralegal to Alex Goldsmith, General Counsel at NaphCare.  Alex Goldsmith, General Counsel at NaphCare.

## REQUEST FOR PRODUCTION #7:

Produce any and all writings documents, photographs, videotapes, audiotapes, medical literature, textbooks, imaging films, medical records, or any other document or thing provided to any expert witness 30 days before that expert's deposition.

3

RESPONSE:

Defendant has not made any decision concerning expert witnesses at this time. When such a decision has been made the information required by the Federal Rules of Civil Procedure will be provided.

REQUEST FOR PRODUCTION #8:

All insurance contracts that may cover any damages awarded in this case.

RESPONSE:

Defendant objects to this request on the grounds that such information is not discoverable in accordance with §6-5-548(d) of the Alabama Medical Liability Act.

REQUEST FOR PRODUCTION #9:

Copies of all correspondence, whether written or electronic, sent to you by any person or entity or organization regarding Russell Coleman Battiste.

RESPONSE:

Defendant objects to this request on the grounds that it is overly broad, unduly vague and seeks documents which are likely to be protected by the attorney/client privilege and/or work product doctrine.

REQUEST FOR PRODUCTION #10:

All duty logs for all of your employees or independent contractors working at Limestone prison from March of 2002 until March of 2003.

RESPONSE:

Defendant knows of no documents responsive to this request. However, defendant will supplement its response in accordance with the Federal Rules of Civil Procedure.

4

## REQUEST FOR PRODUCTION #11:

All utilization reviews that in any way relate to Russell Coleman Battiste.

## RESPONSE:

Please see documents identified by Bates Stamps Naphcare 00613.

## REQUEST FOR PRODUCTION #12:

All correspondence, whether written or electronic, between Frances Henderson and Ronald Cavanaugh.

## RESPONSE:

This request is directed to co-defendant, Dr. Henderson, and therefore this defendant is not obligated to respond. Additionally, this request seeks information that is immaterial, irrelevant and unlikely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION #13:

All communications, whether written or electronic, between you and your employees or independent contractors who worked at Limestone relating to any changes in your policies, procedures, or the provision of healthcare, from March of 2001 until March of 2003.

## RESPONSE:

Defendant objects to this request on the grounds that it is overly broad, unduly vague, overly burdensome and unlikely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure.

5

**REQUEST FOR PRODUCTION #14:**

All documents, whether written or electronic, that outline, describe, or otherwise memorialize the policies and procedures for counseling inmates about drug-regime compliance as well as your policies and procedures that are implicated when an inmate refuses medication.

**RESPONSE:**

Please see documents identified by Bates Stamps Naphcare 00018 through 00027; Naphcare 00082 through 00094. Defendant reserves its right to supplement its response to this request in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION #15:**

Produce all documents and correspondence between you and Huntsville Hospital regarding the hospitalization of Russell Coleman Battiste and your policies and procedures implicated when the healthcare needs of an inmate are exchanged with outside medical providers.

**RESPONSE:**

Please see documents identified by Bates Stamps Naphcare 00028 through 00043; Naphcare 00063 through 00064.

**REQUEST FOR PRODUCTION #16:**

Produce all policies and procedures that are implicated in obtaining the medical history of a new inmate when you being providing medical care to that inmate.

**RESPONSE:**

Please see documents identified by Bates Stamps Naphcare 00044through 00062; Naphcare 00065 through 00081.

## REQUEST FOR PRODUCTION #17:

All documents or correspondence, whether written or electronic, complaining about or in any way questioning the manner in which you or your employees or independent contractors provided healthcare to inmates in Limestone prison.

## RESPONSE:

Defendant objects to this request on the grounds that it seeks information which is irrelevant, immaterial and unlikely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure. Additionally, said request is overly broad, unduly vague and, therefore, defendant is not required to provide a response.

ROBERT E. COOPER
Bar #ASB8236C60R
J. SCOTT EVANS
Bar #ASB3690T81E
Attorneys for Said Defendants

**Of Counsel**:
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL  35203-2696
(205) 795-6588

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, electronically or by mailing same, postage prepaid, on this ___ day of _____, 2005:

Nolan Leake, Esq.
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763

Greg Biggs, Esq.
Assistant Attorney General
Alabama Department of Corrections
Post Office Box 301501
Montgomery, Alabama 36130

James B. Rossler, Esq.
ROSSLER & REDDITT LLC
Post Office Drawer 2164
Mobile, Alabama 36652

Robert Williams, Esq.
Gary Parker, Esq.
SPAIN & GILLON
The Zinszer Building
2117 North 2nd Avenue
Birmingham, Alabama 35203-3702

George Knox , Jr., Esq.
Jeffrey T. Kelly, Esq.
LANIER, FORD, SHAVER & PAYNE
Post Office Box 2087
Huntsville, Alabama 35804

Kenneth Paul Carbo, Esq.
THE ATCHISON FIRM, P.C.
3030 Knollwood Drive
Mobile, Alabama 36693

Thomas O. Gaillard, III, Esq.
Lawrence M. Wettermark, , Esq.
GALLOWAY, SMITH, WETTERMARK
    & EVEREST
Post Office Box 16629
Mobile, Alabama 36616-0629

_____
Of Counsel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

FRANCES JEANNETTE WATKINS,     *

on behalf of the estate of Russell    *

Coleman Battiste,    *

   *

        *Plaintiff(s)*    *

   *

v.    *    **Case No:  CV 04-CO-3523-W**

   *

CITY OF MOBILE, a municipal    *

corporation in the State of Alabama;    *

et al,    *

   *

        *Defendant(s)*    *

## PRIVILEGE LOG

Comes now defendant Naphcare and submits the following as its listing of documents which defendant asserts are privileged from discovery pursuant to plaintiff's first set of requests for production of documents submitted in response to plaintiff's first set of requests for production:

1.    In compliance with the E-Government Act of 2002, as amended the following personal data has been redacted from the personnel files of the defendants: Social Security numbers; names of minor children, dates of birth; financial account numbers and addresses of individuals.  Defendant's counsel will provide the aforementioned information by letter to plaintiff upon request.

2.    The undersigned has redacted the annual compensation amounts from all of the personnel files that are being produced pursuant to plaintiff's discovery requests.  This information is

irrelevant, immaterial and not likely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure.

3.    Document identified by Bates Stamp Number Naphcare 00389 has been removed from this production. Defendant objects to producing the aforementioned document on the grounds that it contains information which is protected by the attorney/client privilege and/or work product doctrine. The protected information does not mention the plaintiff's decedent and is irrelevant, immaterial and not likely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure.

4.    Names listed on document identified by Bates Stamp Number Naphcare 00457 have been redacted since the persons are not parties to this litigation and have a reasonable expectation of privacy.

5.    Names of prisoner patients on document identified by Bates Stamp Number Naphcare00552 have been redacted because to identify these patients would be a violation of HIPPA and §34-26-2 Alabama Code, (1975). Additionally, the protected information does not mention the plaintiff's decedent and is irrelevant, immaterial and not likely to lead to the discovery of admissible evidence in accordance with the Federal Rules of Civil Procedure.

ROBERT E. COOPER
Bar #ASB8236C60R
J. SCOTT EVANS
Bar #ASB3690T81E
Attorneys for Said Defendants

2

**Of Counsel**:
CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203-2696
(205) 795-6588


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, electronically or by mailing same, postage prepaid, on this ___15th___ day of August, 2005:

Nolan Leake, Esq.
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763

Greg Biggs, Esq.
Assistant Attorney General
Alabama Department of Corrections
Post Office Box 301501
Montgomery, Alabama 36130

James B. Rossler, Esq.
ROSSLER & REDDITT LLC
Post Office Drawer 2164
Mobile, Alabama 36652

Robert Williams, Esq.
Gary Parker, Esq.
SPAIN & GILLON
The Zinszer Building
2117 North 2nd Avenue
Birmingham, Alabama 35203-3702

George Knox , Jr., Esq.
Jeffrey T. Kelly, Esq.
LANIER, FORD, SHAVER & PAYNE
Post Office Box 2087
Huntsville, Alabama 35804

Kenneth Paul Carbo, Esq.
THE ATCHISON FIRM, P.C.
3030 Knollwood Drive
Mobile, Alabama 36693

Thomas O. Gaillard, III, Esq.
Lawrence M. Wettermark, , Esq.
GALLOWAY, SMITH, WETTERMARK
   & EVEREST
Post Office Box 16629
Mobile, Alabama 36616-0629


_____
Of Counsel

3